UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO.: 5:07-CR-00009-TBR

UNITED STATES OF AMERICA                                                                PLAINTIFF

v.

NED BURNETT                                                                             DEFENDANT

**OPINION AND ORDER**

This matter is before the Court upon Defendant's Motion to Dismiss Indictment and for Unconditional Release (Docket #40). Plaintiff has responded (Docket #41). This matter is now ripe for adjudication. For the reasons that follow, Defendant's motion is DENIED.

**BACKGROUND**

On December 11, 2006, a Mayfield, Kentucky police officer responded to the intersection of 10th and Farthing Streets in response to a report of "suspicious circumstances." Upon his arrival, the officer encountered Defendant, who was pushing a shopping a cart containing a rifle and deer head. Defendant provided identification upon request and informed the officer that he had killed the deer that was in the cart with a bow and arrow. According to the officer, Defendant then took the rifle from the cart, pointed it at him, and asked him if he wanted to die. Defendant was then taken into custody. Defendant was a convicted felon at the time.

Defendant is charged with possession of a firearm while a convicted felon pursuant to 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On August 2, 2007, the Court granted Defendant's unopposed motion for a psychiatric examination pursuant to 18 U.S.C. § 4241. Following a hearing on the matter, the Court determined that Defendant was mentally incompetent, and in accordance with 18 U.S.C. § 4241(d), committed Defendant for an evaluation to determine whether there was a substantial probability that Defendant would attain the mental capacity to

permit future proceedings. In its November 6, 2008 Order, the Court held that based on the information before it, there was not a substantial probability that Defendant's mental capacity would be restored in the foreseeable future. The Court ordered Defendant to remain in the custody of the Attorney General subject to the provisions of 18 U.S.C. § 4246 and possibly § 4248.

Defendant now moves the Court to dismiss the indictment against him and for his immediate and unconditional release pursuant to the Sixth and Fourteenth Amendments and 18 U.S.C. § 4246.

## ANALYSIS

Defendant's motion presents two arguments. First, Defendant argues that he must be released unconditionally because he has not been certified as dangerous and no legal authority exists to hold him in custody. Second, Defendant argues that the indictment against him must be dismissed pursuant to the Sixth and Fourteenth Amendments. In response, the Government requests that, rather than releasing Defendant and dismissing the charges against him at this time, the Court instead grant the Government a reasonable period of time in which to coordinate with the United States Probation Office to evaluate the availability of family and other social support for Defendant and consider the option of civil commitment in Kentucky pursuant to KRS § 202A.006 *et seq*.

In *Jackson v. Indiana*, the Supreme Court held that "indefinite commitment of a criminal defendant solely on account of his incompetency to stand trial does not square with the Fourteenth Amendment's guarantee of due process." 406 U.S. 715, 731 (1972). The Court explained that under federal law, absent a finding of dangerousness, a defendant can be held only

for a "'reasonable period of time' necessary to determine whether there is a substantial chance of his attaining the capacity to stand trial in the foreseeable future." *Id.* at 733. "If the chances are slight, or if the defendant does not in fact improve, then he must be released or granted a §§ 4247-4248 hearing." *Id.*

Here, Defendant is currently committed to the custody of the Attorney General subject to the provisions of 18 U.S.C. § 4246. Section 4246 sets forth the procedure for the civil commitment of a person due for release but suffering from mental disease or defect. *United States v. Baker*, 807 F.2d 1315, 1323 (6th Cir. 1986). In order for a person to be civilly committed under § 4246, the director of the mental health facility must certify three things: (1) that the individual is suffering from a mental disease or defect; (2) that his release would pose a substantial risk of bodily injury to another or serious damage to property of another; and (3) that suitable state arrangements for his care are not available. *Id.* "'Upon receipt of the certificate,' the district court must schedule and hold a hearing which complies with due process requirements to determine whether the individual is suffering from a mental disease or defect and whether his release would pose a threat of bodily injury or property damage." *Id.* (quoting 18 U.S.C. § 4246(a)). It is a violation of a defendant's due process rights for the district court to sua sponte call a § 4246 hearing before the requisite findings are made by the director of the mental health facility. *Id.* at 1324.

The director of the mental health facility where Defendant is committed has not certified that Defendant poses a substantial risk of bodily injury to another or serious damage to property of another. Defendant argues that absent a finding of dangerousness, no legal authority exists to hold in him in continued custody. The Court agrees. The Government cites no legal authority in

support of its request that the Court grant it additional time to evaluate the availability of family and other social support for Defendant. For these reasons, the Court finds that Defendant must be released.

Defendant further argues that the pending charges against him must be dismissed pursuant to the Sixth and Fourteenth Amendments. Defendant cites the Supreme Court's decision in *Jackson* in support of his argument. In *Jackson*, the Supreme Court remanded the issue of whether fundamental fairness required that the charges against the defendant, whose pretrial commitment was found unconstitutional, be dismissed. 406 U.S. at 739-40. The Court explained that dismissal of charges against an incompetent defendant are usually justified under "the Sixth-Fourteenth Amendment right to a speedy trial, or the denial of due process inherent in holding pending criminal charges indefinitely over the head of one who will never have a chance to prove his innocence." *Id.* at 740 (internal citations omitted).

Other than summarily relying upon *Jackson*, Defendant cites no legal authority nor presents any arguments for why the charges against him must be dismissed at this time. In the interests of justice and safety, the Court finds that some time on release without dismissal is appropriate to gauge Defendant's future conduct.

While the director of the mental health facility has not made a finding that Defendant's release could pose a substantial risk of bodily injury to another, the facts of this case are nonetheless troubling. Defendant is a convicted felon. He was found pushing a shopping cart containing a rifle and a dead deer head. After some questioning by a police officer, Defendant pointed a gun at the officer and asked him if he wanted to die.

It is the intent of the Court to release Defendant. However, the Court seeks input from

the Probation Office about Defendant's conditions of release. Likewise, any input from family members and possible third-party custodians would be helpful. For these reasons, the Court requests a hearing concerning the conditions of Defendant's release.

The time for these proceedings is excluded under the provisions of the Speedy Trial Act in the interests of justice and pursuant to 18 U.S.C. § 3161(h)(4).

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss Indictment and for Unconditional Release is DENIED at this time.

IT IS FURTHER ORDERED that a hearing is set for July 14, 2009 at 12:00 PM CDT noon to establish Defendant's condition of release.